Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APLC**
5023 Parkway Calabasas
Calabasas, California 91302
Telephone: (818) 876-9631
chamner@hamnerlaw.com

Attorneys for Plaintiff, Michael P. Zeigler, on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL P. ZEIGLER, on behalf of himself and all others similarly situated<br><br>Plaintiff<br><br>v.<br><br>DAYTON SUPERIOR CORPORATION, a Delaware Corporation; REAL TIME STAFFING SERVICES, LLC, dba SELECT STAFFING, a California company, and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Provide Rest Breaks (LC § 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050);**<br>2. **Failure to Provide Meal Periods or Compensation in Lieu Thereof (LC § 226.7; IWC Order 5; Cal. Code Regs., Title 8 § 11050);**<br>3. **Failure to Pay Overtime Wages (LC § 200-204; 510, 1194, IWC Order);**<br>4. **Wage Statements Violations (Labor Code § 226(a));**<br>5. **Failure to Pay Wages of Terminated or Resigned Employees (LC§§ 201-203);**<br>6. **Unfair Business Practices (Bus. & Prof. Code §§ 17200-17208);**<br>7. **Violation of the Private Attorneys General Act**<br>8. **Injunction**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Michael P. Zeigler, individually and on behalf of the proposed class, brings this action against defendants Dayton Superior Corporation, Select Staffing and DOES 1 through 100 and state:

## I.  PARTIES

1. Plaintiff Michael P. Zeigler ("Plaintiff") is and at all relevant times mentioned herein, was a resident of Murietta in Riverside County, California.

2. Defendant, Dayton Superior Corporation ("Dayton"), owns, operates and does business in Riverside County, California.

3. Defendant, Real Time Staffing, LLC, dba Select Staffing ("Select"), owns, operates and does business in many locations throughout California, including Riverside County.  Plaintiff alleges Defendants Dayton and Select were his joint employers.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendant sued here in as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.  Plaintiff is informed and believes, and based thereon alleges, that defendant designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

## II. GENERAL ALLEGATIONS

4. Plaintiff was employed by Defendants as a non-exempt Material Handler in Rubidoux, California from February 14, 2015 through July 2018.

5. Plaintiff's hourly wage was $18.27 per hour.

2

ZEIGLER v. DAYTON SUPERIOR CORP., et al.
COMPLAINT

6. As a material handler, Plaintiff was responsible for loading and unloading trucks containing concrete accessories. Dayton's shipping department was very busy, and on many occasions, Dayton had trucks waiting to load and unload their equipment.

7. Plaintiff alleges Dayton's, the shipping lead and operations manager instructed Plaintiff and other employees in the shipping department to work through meal and rest breaks to prevent an increased truck backup. Plaintiff was told by his superiors that he would be able to take his meal and rest breaks "later" when there were no trucks waiting to be loaded, however since the shipping department was so busy, that slowdown rarely came. As a result, Plaintiff consistently missed rest and meal breaks. Plaintiff alleges the proposed class was also denied rest and meal breaks in this regard.

8. Plaintiff further alleges Dayton regularly required Plaintiff and the proposed class to clock out for lunch at, or just before the 5 hour mark of the shift, and continue working off the clock. On other occasions, the operations manager manually edited the time clock so Plaintiff's time records reflected that Plaintiff took his lunch, even though he had actually worked through his lunch without taking a break.

9. Plaintiff alleges that Defendants' corporate policies and procedures are such that Plaintiff was not able to, or permitted to, take timely rest and meal breaks at Defendant's offices. Defendants maintained a company-wide policy and practice to essentially not allow its employees any opportunity to be able to take timely breaks or lunch periods pursuant to the Labor Code, Industrial Welfare Commission Wage Order 5-2001, and other applicable Wage Orders. Defendants maintain a common policy of not allowing Plaintiff proper and legal rest and meal breaks.

3

ZEIGLER v. DAYTON SUPERIOR CORP., et al.
COMPLAINT

10. Plaintiff alleges that Defendants knew or should have known that Defendants' company-wide policies and procedures prevent Defendant's employees from taking timely meal and rest breaks, especially during busy shifts at Dayton.

11. Plaintiff alleges he and the proposed class are entitled to regular pay, plus overtime pay for each overtime hour Plaintiff worked for Defendants.

12. Defendants' pay policies as alleged herein resulted in a failure to pay all wages due for compensable work or work time wherein Plaintiff remained subject to his employer's control. This policy and practice therefore violated California Labor Code section 200-202, Labor Code section 1194, and California Industrial Wage Commission (IWC) Wage Order 4-2001.

13. As a result of the Defendants' pay policies, Defendants failed to provide accurate, itemized wage statements to Plaintiff as required by Labor Code section 226.

14. Defendants failed to pay all wages owed Plaintiff as required by Labor Code section 203. This claim results from Defendants' failure to pay premium wages for missed, late, interrupted or short break periods under Labor Code section 226.7, and corresponding IWC Wage Order 4-2001.

15. Plaintiff alleges that Defendants engage in uniform and unlawful conduct resulting in violations of Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 1194, and 2750.5.The claims for which restitution are owed relate to unpaid wages for late and interrupted meal periods.

16. Plaintiff brings this action pursuant to Business and Professions Code §§ 17200-17208, seeking injunctive relief and restitution of all benefits obtained by Defendants by engaging in the unlawful conduct complained herein.

21. On January 17, 2019, Plaintiff sent a notice of PAGA claims to Defendants and the California Labor and Workforce Development Agency (LWDA).

### III. CLASS ALLEGATIONS

22. Plaintiffs bring this cause of action on behalf of himself and on behalf of all persons similarly situated, ("the class") as alleged herein. This action is brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure section 382.

23. Plaintiffs seek to represent the following class of California workers:

> **All of Defendants' hourly workers in California in the shipping department for Drayton Superior Corporation in the last four years.**

Plaintiff is a member of the proposed class.

24. There is a well-defined community of interest in the litigation and the class is ascertainable.

25. The requirements for Class certification can be meet here.

A. <u>Numerosity</u>: The class is so numerous that individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believes and thereon alleges that the class consists of 1,000 persons or more.

B. <u>Common Questions Predominate</u>: Common questions of law and fact exist as to all class members, and predominate over any questions that affect only individual members of the class. The common questions of law and fact include, but are not limited to:

   i. What were and are the policies, programs, practices, procedures and protocols of Defendants regarding class members' actual work and tasks, and their job duties irrespective of job titles;

   ii. Whether Defendants are and were subject to overtime requirements contained in the California IWC Wage Orders and other California law with respect to the class members pursuant to Labor Code Section 510, and Wage Order, No. 4-2001, for the period commencing four years prior to the date of the filing of this complaint and continuing through the date of judgment;

   iii. Whether Defendants' policy and practice of classifying class members as exempt from overtime entitlement under California law and Defendants' policy and practice of failing to pay overtime to the California class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

   iv. Whether Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, the applicable Cal. Wage Orders;

   v. Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding rest periods for class members;

   vi. What were and are the policies, programs, practices, procedures and protocols of Defendants regarding furnishing to the class members, upon each payment of wages, itemized statements required by Labor Code section 226;

6

ZEIGLER v. DAYTON SUPERIOR CORP., et al.
COMPLAINT

      vii.  Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding furnishing to the class members, upon each payment of wages, itemized statements required by Labor Code section 226;

      viii.  Whether Defendants violated Business & Professions Code sections 17200 *et seq.* by their policies, programs, practices, procedures and conduct referred to in this cause of action;

      ix.  Whether Defendants obtained voluntarily waivers with consent and full disclosure, and whether a written signed waiver is effective as to all future meal and rest periods;

      x.  The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California class; and,

      xi.  Additional common questions of law and fact may develop as the litigation progresses.

C.  <u>Typicality</u>: Plaintiff's claims are typical of the claims of the class. Plaintiff and other class members sustained losses, injuries and damages arising out of the Defendants' common policies, programs, practices, procedures, and course of conduct referred to in each cause of action and throughout this Complaint, which were applied uniformly to class members as well as Plaintiff. Plaintiff seeks recoveries for the same types of losses, injuries, and damages as were suffered by the other class members as well as Plaintiff.

D.  <u>Adequacy</u>: Plaintiff and his counsel will fairly and adequately protect the interests of the class. Plaintiff has no interest that is averse to the interests of the other class members.

E.  <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impractical. Class action treatment will permit a large number of

7

ZEIGLER v. DAYTON SUPERIOR CORP., et al.
COMPLAINT

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Also, because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public of adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are treated as class action.  Individual litigation and claims would also present the potential for inconsistent or contradictory results.

F. <u>Public Policy Considerations</u>: Defendants and other employers throughout the state violate wage and hour laws.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are often fearful of bringing claims because doing so can harm their employment and future employment and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### Failure to Provide Rest Breaks
**(Labor Code § 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050)**

26. Plaintiff re-alleges and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

8

ZEIGLER v. DAYTON SUPERIOR CORP., et al.
COMPLAINT

27. By failing to provide rest periods as mandated under California law to Plaintiff and the proposed class, Defendants willfully violated the provisions of Labor Code section 226.7.

28. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of rest breaks, premium wages, and/or other compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest, attorneys' fees, and costs.

29. Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## SECOND CAUSE OF ACTION

**Failure to Provide Meal Periods or Compensation in Lieu Thereof
(Labor Code § 226.7, IWC Order 5; Cal. Code Regs., Title 8 § 11050)**

30. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

31. By failing to provide minimum statutory meal periods, and by failing to provide compensation for these meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7 and 512, IWC Wage Orders, and California Code of Regulations, section 11020(11).

32. As a result of the unlawful acts of Defendants, Plaintiff and the class she seeks to represent have been deprived of meal breaks, premium wages and/or

other compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest, and costs.

33. Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages
### (Labor Code §§ 510, 1194, 1198, and 1199, IWC Wage Orders, and Related Violations)

34. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

35. Defendants illegally failed to pay overtime wages, and in so doing, Defendants willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Orders, and California Code of regulations, Title 8, section 11160(3).

36. California law requires employers to pay overtime compensation to all non-exempt employees for all hours worked over eight in a day or forty per week for overtime and over twelve in a day for double-time.

37. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the class he seeks to represent have sustained damages, including loss of compensation for overtime worked on behalf of

Defendants in an amount to be established at trial, prejudgment interest, and costs and attorney's fees, pursuant to statute and other applicable law.

38. Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## FOURTH CAUSE OF ACTION

### Wage Statements Violations
### (Labor Code §226(a))

39. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

40. Section 226(a) of the California Labor Code requires Defendants to itemize all wage statements deductions from payment of wages and to accurately report total hours worked by Plaintiff. Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiff.

41. California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: Every employer shall at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units worked or earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates for the period paid, (7) partial social security number, (8) the name and address of the legal entity that is the employer, and (9)

11

ZEIGLER v. DAYTON SUPERIOR CORP., et al.
COMPLAINT

all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

42. As a consequence of Defendants knowing and intentional failure to comply with Labor Code section 226(a), Plaintiff and the class he seeks to represent are entitled to actual damages or penalties not to exceed $4,000.00 pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.

43. Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## FIFTH CAUSE OF ACTION

**Failure to Pay Wages of Terminated Employees
(Labor Code § 201-203)**

44. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

45. Defendants failed to pay Plaintiff and the class he seeks to represent, all wages owed to Plaintiff within the applicable time period under California law. These unpaid wages include failure to pay wages for rest and meal periods that were not provided. Plaintiff alleges Defendants' failure to pay Plaintiffs in this regard was intentional and willful within the meaning of section 203.

46. Plaintiff alleges he and the class he seeks to represent are owed up to 30-days wages as a penalty, plus fees and costs incurred with bringing this cause of action.

47. Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## SIXTH CAUSE OF ACTION

### Violations of the Unfair Competition Law
### (Bus. & Prof. Code §§ 17200-17208)

48. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

49. Defendants' policy and practices alleged herein resulted in the Defendants' failure to pay for all working hours, failure to pay overtime, failure to pay under the terms of the employment agreement, and as mandated by law. Defendants have violated IWC Wage Orders and California Labor Code by engaging in the violations alleged herein, which may be discovered in the course of litigation, and which constitute unlawful activity prohibited by Business and Professions Code section 17200 *et seq.*

50. The actions of Defendants in failing to pay Plaintiff and the proposed class in a lawful manner constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code, sections 17200, *et. seq.*

13

ZEIGLER v. DAYTON SUPERIOR CORP., et al.
COMPLAINT

51. Plaintiff is entitled to an injunction, specific performance under Business and Professions Code, section 17202, and/or other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law.  Plaintiff brings this cause individually and as a member of the general public as a representative subject to Defendants' unlawful acts and practices.

52. As a result of Defendants' unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiff.  Defendants should be enjoined from this activity, caused to specifically perform their obligations, and made to disgorge these ill-gotten gains, and restore to Plaintiffs and the members of the public wrongfully withheld wages and/or other moneys pursuant to Business and Professions Code, sections 17200 *et seq*.  Plaintiffs are informed and believes, and on that basis alleges, that Defendants are unjustly enriched through their failure to provide wages and overtime wages to Plaintiffs and members of the public.

53. Plaintiff is informed and believes, and on that basis alleges, that Plaintiff and the proposed class have been prejudiced by Defendants' unfair trade practices.

54. As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff is entitled to equitable and injunctive

14

ZEIGLER v. DAYTON SUPERIOR CORP., et al.
COMPLAINT

relief, including full restitution, specific performance, and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff and the proposed class as a result of the business acts and practices herein, and enjoining of Defendants to cease and desist from engaging in the practices described herein.

55.   The illegal conduct alleged herein is continuing and there is no indication that Defendants will discontinue such activity in the future. Plaintiff and the proposed class allege that if Defendants are not enjoined from the conduct set forth in this Complaint, Defendants will continue to fail to pay wages owed as alleged.

56.   Plaintiff further requests that the court issue a preliminary and permanent injunction prohibiting Defendants from continuing to fail to pay all wages owed.

57.   Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

### SEVENTH CAUSE OF ACTION

**Violation of the Private Attorneys General Act**
**(Labor Code §§ 2698)**

58.   Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

59.   As a result of the acts alleged above, Plaintiff and the class members seek penalties under all Labor Code Sections, including but not limited to, 201,

202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802.

60. For each such violation, Plaintiff and the class members are entitled to penalties in an amount to be shown at the time of trial subject to the following formula.

  1. For $100 for the initial violation per employee per pay period.
  2. For $200 for each subsequent violation per employee per pay period.

61. These PAGA penalties shall be allocated 75% to the Labor and Workforce Development Agency ("LWDA") and 25% to the affected employees.

62. Plaintiff filed a PAGA complaint online with the LDWA on or about January 17, 2019, and served Defendants by certified mail as prescribed by the Labor Code. Plaintiff and the class members seek penalties as though the LWDA decided not to investigate pursuant to Labor Code §2699.3(a)(2)(A).

63. Defendant has violated and continues to violate Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802 as it pertains to Plaintiff and the proposed class as described more fully herein.

64. Plaintiff requests relief as described in the Prayer alleged *supra*, herein

## EIGTH CAUSE OF ACTION

### Injunction

65. Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

66. Plaintiff seeks injunctive relief to prohibit the continuing unlawful acts alleged herein, which threaten ongoing and future injury to the general public.

67. Defendants' practices caused Plaintiff to suffer damages.

68. Plaintiff seeks to enjoin Defendants from continuing to their ongoing wage and hour violations at Defendants' schools.

69. Plaintiff and the class she seeks to represent do not have a plain, speedy, and adequate remedy in the ordinary course of law, other than the requested injunctive relief.

### IV.
### PRAYER FOR RELIEF

Plaintiff prays as follows:

1. That the Court determine that the failure of the Defendants to pay compensation to Plaintiff and each member for all hours worked, be adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

2. That the Defendants be ordered to pay and judgment be entered for wages for all hours worked by Plaintiff and proposed class according to proof;

3. That the Court determine that the failure of the Defendants to pay

compensation to the Plaintiff and the proposed class be adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

 4. That the Defendants be ordered to pay and judgment be entered for wages for Plaintiff and the proposed class according to proof;

 5. That the Defendants be ordered to pay and judgment be entered for overtime wages, to Plaintiff and the proposed class according to proof;

 6. That the Defendants be ordered to pay and judgment be entered for liquidated damages under Labor Code section 1194.2 to Plaintiff and the proposed class according to proof:

 7. That the Defendants be ordered to pay and judgment be entered for Labor Code, section 226 penalties to Plaintiffs according to proof;

 8. That the Defendants be ordered to pay and judgment be entered for Labor Code, section 226(f) penalties to Plaintiff and the proposed class according to proof;

 9. That the Defendants be ordered to pay and judgment be entered for Labor Code, section 203 penalties to Plaintiff and the proposed class according to proof;

 10. That the Defendants be found to have engaged in unfair competition in violation of Business and Professions Code, section 17200;

 11. That the Defendants be ordered and enjoined to pay restitution to Plaintiff and the proposed class due to the Defendant's unlawful and unfair competition, including disgorgement of their wrongfully obtained profits, wrongfully withheld wages according to proof, and interest thereon pursuant to Business and Professions Code, sections 17203 and 17204;

 12. That Defendants be enjoined from further acts of unfair competition and specifically from failing to pay compensation to Plaintiff and the proposed class;

 13. That Plaintiff and the proposed class be awarded Attorneys' fees and costs pursuant to statute, including but not limited to Labor Code, section 1194

18

ZEIGLER v. DAYTON SUPERIOR CORP., et al.
COMPLAINT

and Code of Civil Procedure, section 1021.5;

14. For penalties pursuant to Labor Code § 2699;

15. Otherwise determine the appropriate remedy to compensate Plaintiff, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts and fluid recovery if appropriate;

16. Prejudgment Interest; and

17. Any other relief this court deems proper.

**DATED:** March 8, 2019        **HAMNER LAW OFFICES, APLC**

_____
CHRISTOPHER J. HAMNER
Attorneys for Plaintiffs Michael P. Ziegler
and the Proposed Class

19

ZEIGLER v. DAYTON SUPERIOR CORP., et al.
COMPLAINT